2024 IL App (1st) 230979-U

No. 1-23-0979

Order filed March 22, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MELLODY ESTELLA MARIA WILLIAMS-HUNTLEY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 22 CH 11747 |
| ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, DIRECTOR OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, BOARD OF REVIEW, and SOCIAL SECURITY ADMINISTRATION. | ) ) ) ) ) ) ) | Honorable Daniel P. Duffy, Judge, presiding. |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held*: The Board of Review's decision affirming the referee's dismissal of plaintiff's appeal for lack of jurisdiction is affirmed where plaintiff's appeal was filed after the statutory 30-day time limit.

¶ 2     Plaintiff Mellody Estella Maria Williams-Huntley appeals the circuit court's order affirming the decision of the Board of Review, which in turn affirmed the decision of a Department of Employment Security referee dismissing plaintiff's administrative appeal for lack of

jurisdiction. The issue on appeal is whether the Board of Review erred in affirming the referee's decision. Because plaintiff's appeal was untimely under the Unemployment Insurance Act (820 ILCS 405/100 *et seq.* (West 2018)) and the referee had no jurisdiction to hear it, we affirm the Board of Review's decision.

¶ 3                                    BACKGROUND

¶ 4     In September 2019, plaintiff applied to the Department of Employment Security for unemployment insurance benefits. On December 16, 2019, after considering plaintiff's application, a Department claims adjudicator determined that plaintiff was not eligible for benefits under the Unemployment Insurance Act because she was receiving monthly retirement payments from a previous employer. 820 ILCS 405/611(A)(2) (West 2018). The following day, a written notice of the adjudicator's determination was mailed to plaintiff. The notice also informed plaintiff that she could file a "request for reconsideration/appeal" with the Department "within thirty (30) calendar days after the date this notice was mailed to you," and that "[a]ny request submitted by mail must bear a postmark date within the applicable time limit for filing."

¶ 5     In early 2022, plaintiff filed a "request to appeal" the claims adjudicator's 2019 decision. The request was first heard by the claims adjudicator as a motion to reconsider, which was denied. The appeal was then heard by a Department referee. During the hearing, the referee noted that the envelope containing plaintiff's notice of appeal was postmarked January 29, 2022. Since this date was after the 30-day limit for appeals under the Act (820 ILCS 405/800 (West 2018)), the referee concluded that she was "required to dismiss the appeal due to untimeliness".

¶ 6     Plaintiff appealed the referee's decision to the Department's Board of Review. Affirming the referee's decision, the Board analyzed the record and found that the claims adjudicator's

decision was mailed to plaintiff's last known address on December 17, 2019, that her appeal was due on January 16, 2020, and that she did not file an appeal until January 29, 2022. After noting that plaintiff "did not produce any evidence of a timely filing," the Board concluded that "the record supports a finding [that plaintiff] failed to file an appeal within the thirty day time period" and that therefore "the Referee had no jurisdiction to review the matter and was required by law to dismiss the appeal."

¶ 7    Pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)), plaintiff filed a complaint in the circuit court seeking administrative review of the Board's decision. The circuit court affirmed. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 8                                    ANALYSIS

¶ 9    Plaintiff argues that the Board of Review erred in affirming the referee's dismissal of her appeal for lack of jurisdiction. This court's review of the Board's decision is governed by the Administrative Review Law. 735 ILCS 5/3-102 (West 2022); 820 ILCS 405/1100 (West 2022). "We review the final decision of the Board, rather than the decision of the referee or the circuit court." *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22.

¶ 10   The Board made factual findings regarding the dates when the claims adjudicator's 2019 decision was mailed to plaintiff and when plaintiff filed her appeal of that decision. However, on appeal before this court, plaintiff does not challenge these factual findings and instead argues the underlying merits of her unemployment insurance benefits appeal. Whether the Board correctly determined that the referee had no jurisdiction to hear plaintiff's appeal is a question of law that is

reviewed *de novo*. *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 394-95 (2010); *Ferrari v. Illinois Department of Human Rights*, 351 Ill. App. 3d 1099, 1103 (2004).

¶ 11    "Agencies have no inherent or common-law power; they are creatures of statute that have only the power that their legislative creators gave them." *Mercury Sightseeing Boats, Inc. v. County of Cook*, 2019 IL App (1st) 180439, ¶ 55. Therefore, an administrative agency acts without "jurisdiction" when it "acts outside its statutory authority." *Deicke Center v. Illinois Health Facilities Planning Board*, 389 Ill. App. 3d 300, 302 (2009); see also *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 554 (2005) ("Although the term 'jurisdiction' is not strictly applicable to an administrative body, this court has held that the term may be employed to designate the authority of an administrative body to act.").

¶ 12    Under the Unemployment Insurance Act, a claims adjudicator's determination regarding benefits eligibility is final unless it is appealed within 30 days after notification of the adjudicator's decision is mailed to the claimant's last known address. 820 ILCS 405/800. This is a mandatory provision that acts as a statute of limitations and does not allow late filings for excusable neglect or for good cause. *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 517, 519 (1981). Therefore, the Act does not confer additional authority on the Board or referee to "reach the merits of an appeal of an adjudicator's decision that has been untimely filed." (Internal quotation marks omitted.) *Gu v. Department of Employment Security*, 2015 IL App (3d) 140595, ¶ 17.

¶ 13    Here, the undisputed facts in the record show that notice of the claims adjudicator's determination was mailed to plaintiff on December 17, 2019. Plaintiff was required to appeal the determination by January 16, 2020. Instead, plaintiff filed her appeal on January 29, 2022, more

than two years after the deadline. Therefore, the Board did not err in affirming the referee's decision to dismiss plaintiff's appeal for lack of jurisdiction.

¶ 14                                    CONCLUSION

¶ 15    The judgment of the Board of Review is affirmed.

¶ 16    Affirmed.